**KHIN MAUNG MYINT, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76694.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 24, 2007.

Wayne R. McMillan, Esq., Pasadena, CA, for Petitioner.

Frank A. Wilson, AUSA, USSP–Office of the U.S. Attorney, Spokane, WA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the Dis-

trict Counsel, Seattle, WA, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Khin Maung Myint, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where the BIA reviews for clear error, this Court looks to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Kozulin v. INS,* 218 F.3d 1112, 1115 (9th Cir.2000). We review for substantial evidence, *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000), and we grant the petition for review and remand.

Substantial evidence does not support the BIA's adverse credibility finding. The BIA's finding that Myint testified inconsistently regarding when he obtained his passport is not supported because the record shows that Myint did not testify inconsistently. *See id.* at 1167. Similarly, the BIA's demeanor finding that Myint was unresponsive and obtuse is not supported by the record. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686–87 (9th Cir.2003); *see also Garrovillas v. INS,* 156 F.3d 1010, 1015–16 (9th Cir.1998).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, we grant the petition for review with regard to Myint's asylum, withholding of removal, and CAT claims, and remand the case to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**